IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WINFIELD SOLUTIONS, LLC; UNITED SUPPLIERS, INC., <br>    Plaintiffs, <br><br>v. <br><br>STARK AGRI SERVICE, INC., LAURA FARM CENTER, INC., EUGENE SIEBENTHAL, KAY SIEBENTHAL, EARL FEUCHT, and MARGARET FEUCHT, <br>    Defendants. | Case No. 1:17-cv-01202-MMM-JEH |

### Order

The Plaintiffs, Winfield Solutions, LLC and United Suppliers, Inc., filed a Complaint on May 8, 2017, including Defendants Stark Agri Service, Inc., Laura Farm Center, Inc., Eugene Siebenthal, Kay Siebenthal, Earl Feucht, and Margaret Feucht. (D. 1)[1] The Plaintiffs have since amended their Complaint, redacting original signatures. (D. 4). The Plaintiffs' Complaint asserts diversity of citizenship as a basis for this Court's subject matter jurisdiction. *Id.* at pp. 1-3. The allegations of the Complaint are not sufficient to support that assertion.

The Court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). Asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("to the best of my knowledge and

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

belief" is insufficient to invoke diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief). The Plaintiffs asserts some of the basis for the Court's jurisdiction "upon information and belief[.]" (D. 4 at pg. 2). Therefore, the Plaintiffs' Complaint is not sufficient to invoke diversity jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("leave to amend defective allegations of subject matter jurisdiction should be freely given") (citations omitted). Accordingly, it is hereby ORDERED that the Plaintiffs file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiffs shall properly allege the basis for the Court's jurisdiction.

*It is so ordered.*

Entered on May 9, 2017.


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE